**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRICE HILL, | : | Case No. 2:25-cv-068 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| ANNETTE CHAMBERS-SMITH, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff Tyrice Hill, an inmate at the Allen Correctional Institution, brings this prisoner

civil rights action under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion

to proceed *in forma pauperis*. (Doc. 1). For the reasons that follow, plaintiff's motion should

be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In

accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L.

No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Hill is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case

because at least three prior complaints filed by him while he has been a prisoner were dismissed

as frivolous or for failure to state a claim upon which relief may be granted. *See Hill v. Stone,*

No. 4:18-cv-808, 2018 WL 6018026, at *8 (N.D. Ohio Nov. 16, 2018) (dismissed for failure to state a claim under 28 U.S.C. § 1915(e)); *Hill v. City of Toledo*, No. 3:20-cv-493, 2020 WL 6701988, at *2, 4 (N.D. Ohio Nov. 13, 2020) (dismissed as frivolous under 28 U.S.C. § 1915(e)); *Hill v. Chambers-Smith*, No. 3:22-cv-195 (N.D. Ohio May 27, 2022) (Doc. 8) (dismissed as frivolous under 28 U.S.C. § 1915(e) and 1915A).

In view of his three "strikes," Mr. Hill may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury."  Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g).  *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007).  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."  *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the

statutory exception.   Plaintiff asserts that he was denied access to the courts while in the Ohio

Department of Rehabilitation and Correction.   (*See* Doc. 1-1, Complaint at PageID 20).

Because plaintiff has failed to allege particular facts showing any immediate or impending

serious physical injury in existence at the time he commenced this action, he does not meet the

exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).


**IT IS THEREFORE RECOMMENDED THAT:**

1.   Plaintiff's motion to proceed in forma pauperis (Doc. 1) be **DENIED**.

2.   Plaintiff be ordered to pay the full $405 ($350 filing fee plus $55 administrative fee)

 required to commence this action **within thirty (30) days**, and that plaintiff be notified that his

failure to pay the full $405 fee within thirty days will result in the dismissal of his action.   *See In*

*re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.   That period may be extended further by the Court on timely

motion by either side for an extension of time.   All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.   A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS**

3

after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

February 14, 2025

Karen L. Litkovitz
United States Magistrate Judge