**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Tyrice Hill** | : | |
| | : | **Case No. 2:25-cv-00068** |
| **Plaintiff,** | : | |
| **v.** | : | **Judge Graham** |
| | : | |
| **Annette Chambers-Smith,** | : | **Magistrate Judge Litkovitz** |
| | : | |
| **Defendant.** | : | |

---

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

---

This matter is before the Court upon the Report and Recommendations ("R&R") of United States Magistrate Judge Litkovitz (doc. 4), regarding an initial screening of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's objections to the R&R. For the reasons that follow, the Court **ADOPTS** said Report and Recommendations.

### STANDARD OF REVIEW

Section 636 of Title 28 of the United States Code sets forth the jurisdiction and powers of magistrate judges, and, in so doing, "essentially creates two different standards by which district courts review a magistrate judge's finding." *Monroe v. Houk*, No. 2:07-CV-258, 2016 WL 1252945, at *1 (S.D. Ohio Mar. 23, 2016). As to dispositive motions—e.g., a motion to dismiss or a motion for summary judgment—or an initial screening pursuant to 28 U.S.C. § 1915A, a magistrate judge may be designated to make a report and recommendation to the district court for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). When a prisoner seeks redress from a governmental entity, the court must screen the complaint and dismiss any portion of the complaint which is determined to be "frivolous, malicious, or fails to state a claim upon which relief can be granted; or… seeks monetary relief from a defendant who is immune from such relief." 28

U.S.C.A. § 1915A (West).

When a party raises timely objections to a magistrate judge's report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objections are timely filed, a district court reviews a magistrate judge's report and recommendation for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

As to non-dispositive motions, magistrate judges may be designated to hear and determine "any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). When reviewing such determinations by the magistrate judge, the district court may reconsider the determination "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## DISCUSSION

As noted in the R&R, "this is not the first complaint filed by plaintiff against defendant Annette Chambers-Smith alleging that he was denied access to the courts." Doc. 4, # 136 (citing *Hill v. Chambers-Smith*, Case No. 2:22-cv-3742 (S.D. Ohio Oct. 30, 2023). Against that backdrop, the Magistrate Judge recommended dismissal of Plaintiff's single-count Complaint, because (1) the allegations with respect to Plaintiff's state court proceedings in CR-04-2741 are duplicative of claims raised in Case No. 2:22-cv-3742; (2) to the extent Plaintiff alleges "ongoing violations related to legal resources at ODRC or denial of access to the courts… these claims should also be dismissed as duplicative of the claims pending in Case No. 2:22-cv-3742"; and (3) because "it is clear from the face of the complaint that plaintiff's claims for alleged access-to-courts violations… are time-barred." Doc. 4, # 137-38. The Court agrees with the conclusions of the Magistrate Judge and finds Plaintiff's objections unpersuasive.

First, Plaintiff states that he "did not seek to duplicate allegations raised in Case No. 2:22-cv-3742," but rather "sought to make the Court aware of ongoing violations related to the legal resources at ODRC." Doc 5, # 142. In other words, he appears to concede the first two grounds for dismissal, but disagrees that the allegations of "ongoing violations" are duplicative and subject to dismissal. In his Complaint, Plaintiff relates that after he was sentenced on February 3, 2005, he was "transferred back into the custody of ODRC where the denial of meaningful access to the court was the same as in Plaintiff's last two convictions, in which Plaintiff has a 1983 complaint pending before this court… in case number 2:22-cv-3742." Doc. 1-1, # 18-19. Thus, the Complaint is clear that these allegations are duplicative.

Even if some of the allegations are not duplicative, they are clearly time-barred. The Complaint describes the relevant events occurring in 2004 and 2005. Plaintiff's injury, as he describes it, is that ODRC enforces "unconstitutional policies… that denied Plaintiff meaningful access to the courts because it required him to seek assistance from untrained and inadequately supervised legal clerks." Doc. 5, # 144. These allegedly unconstitutional policies caused him to miss filing deadlines related to decades-old criminal cases. *Id.* at # 144-45. In Ohio, the statute of limitations for a 42 U.S.C. § 1983 claim is 2 years. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989). Nevertheless, Plaintiff contends that the discovery rule should allow his suit to proceed long after the end of the limitations period, because he was unaware of the injury until September 2024, when "an inmate clerk trained in the law [helped] him know of the injury." Doc. 5, # 145-46.

Plaintiff cites *Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984) for support of his limitations argument, but it is of no help to him. In *Sevier*, the Sixth Circuit explained that "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action… A plaintiff has reason to know of his injury when he should have

discovered it through the exercise of reasonable diligence." 742 F.2d at 273. Here, Plaintiff has not shown that he could not discover the injury through due diligence. Rather, like the claimant in *Sevier*, Plaintiff "simply appears to have been ignorant of [his] legal rights." *Id.* This does not describe a circumstance which warrants extension of the limitations period.

Accordingly, it is hereby **ORDERED** that the Complaint (doc. 1-1) be **DISMISSED with prejudice**. Plaintiff is **DENIED** any requested certificate of appealability, and the Court hereby certifies to the United States Court of Appeals that an appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 9, 2026